[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CONCERNING ORDER OF TEMPORARY CUSTODY
On November 22, 1995, this court granted ex parte applications for orders of temporary custody with respect to the children, Bryana P. and Kayla P., which placed each child in the temporary care and custody of the Department of Children and Families (DCF). Bryana P.'s date of birth is February 21, 1992, and Kayla P. was born on October 3, 1993.
In issuing the ex parte OTCs, the court found that both children were in immediate physical danger from their surroundings, and that immediate removal from the parental home was necessary to ensure each child's safety.
An initial hearing at the Superior Court for Juvenile Matters in Plainville was held on November 27, 1995. All respondent parents — Michelle P. (mother of both children), Paul S. (father of Bryana P.), and John P. (father of Kayla P.) — were in attendance and consented to the OTCs, without prejudice to their rights to contest the orders at a later time. On December 4, 1995, the parents indicated at an in-court review of the matter that they wished to contest the temporary custody orders. The contested OTC hearing commenced on January 17, 1996 and continued on various dates at the Superior Court for Juvenile Matters in Plainville and at this venue until May 9, 1996, when it concluded. All parties were represented by counsel throughout the proceeding. The protracted nature of this hearing was attributable, in part, to the fact that the court, on its own motion, ordered a second physical examination of the minor child, Bryana P.
Based on the medical evidence presented during this hearing, the Court finds that Bryana P. suffered a vaginal injury (hymenal cleft) which resulted from blunt, penetrating trauma. This injury was sustained on a date unknown, sometime prior to her first medical examination by Dr. Frederick Berrien in June 1995. Dr. Berrien, who examined Bryana for the second time on March 21, 1996, found that "with no other explanation of penetrating injury, this (the child's injury) is indicative of sexual abuse." CT Page 4213-R (Petitioner's Exhibit 6). No explanation or theory supporting accidental injury to Bryana was offered during the OTC hearing.
The court further finds that Bryana told her foster parent, Tara H., that the respondent John P. "put a pen" in her vagina. The child's statement is corroborative of the blunt penetrating trauma injury revealed by the physical examinations.
The focus of this hearing is a narrow one. The children's "safety pending further proceedings is the primary concern of a temporary custody hearing." In Re Juvenile Appeal (83-CD),189 Conn. 276, 297 (1983). The court finds, based on careful consideration of all the testimony and evidence at hearing, that the petitioner has proven by a fair preponderance of the evidence that both children require the continued temporary care and custody of DCF. (There was no evidence that the child Kayla P. was physically injured. However, the nature and circumstances of the injuries sustained by her half-sister, Bryana, with whom she resided, establish by a fair preponderance of the evidence that Kayla was and is at immediate risk of physical injury from her surroundings. See In Re Juvenile Appeal (83 C-D), infra.)
Accordingly, pursuant to CGS 46b-129 (b), the orders of temporary custody are confirmed, and it is ordered that both children remain in the temporary care and custody of DCF.
At the conclusion of the OTC hearing on May 9, 1996, each of the respondent parents made various requests for orders by the court concerning the custody and visitation of these children. Upon further reflection, the court believes that most of those issues should be addressed upon completion of the adjudicatory phase of this proceeding. DCF, in its discretion, may permit the mother, Michelle P., to have unsupervised visits with her two daughters, and may permit Paul S., the father of Bryana P., to have unsupervised visits with his child. Pending further determination by this court, it is ordered that all visits by the respondent John P. with his child Kayla, be supervised by DCF or some other supervisor designated by DCF. It is further ordered that the respondent, John P., initiate no contact of any type with the minor child, Bryana P., except that which has been previously ordered to effectuate court-ordered psychological evaluations.
Dated at Middletown, Connecticut this 10th day of May, 1996. CT Page 4213-S
DYER, J.